IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DARRELL THOMPSON, )
)
Petitioner, )
)
v. ) 1:15CV138
)
MR. SUMMERS, )
)
Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. Rule 4 of the Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Further, a writ of habeas corpus may only issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Here Petitioner sets out a single claim based on two prison disciplinary convictions. Petitioner alleges that another prisoner or prisoners attacked him in the dining hall and that he wishes to raise a claim based on a failure to protect him. Such a claim is not appropriate in a petition for habeas corpus and Petitioner must bring that claim, if at all, in an action

under 42 U.S.C. § 1983. Petitioner also complains that prison officials forced him to plead guilty to the disciplinary violations. However, this claim fails on its face because the only punishment reported by Petitioner was 60 days of segregated confinement. Further, an exhibit filed by Petitioner in conjunction with a separate action that he filed under § 1983 at about the same time as the present Petition confirms that his punishment for one offense consisted of 15 days of segregation, 20 hours of extra duty, 30 days of suspended visitation privileges, and one month of limited draw from his trust account, while his punishment for the other offense was 45 days of segregation, 40 hours of extra duty, 120 days of suspended visitation, and four months of limited draw. Thompson v. Perry, No. 1:15CV125, Docket No. 4, Ex. 4 (M.D.N.C.). Consequently, Petitioner suffered no loss of good time that could affect the length of his sentence, nor did the State subject him to any punishment or confinement beyond that contemplated in his original sentence. Accordingly, no due process concerns arose and Petitioner states no claim for habeas corpus relief. Gaston v. Taylor, 946 F.2d 340, 343-44 (4th Cir. 1991). Petitioner's claim fails on its face and should be dismissed.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that the Clerk, at the point a judgment is entered, notify Petitioner of the filing, dismissal, and entry of judgment.

IT IS RECOMMENDED that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied and that judgment be entered dismissing the action.

This, the 19th day of February, 2015.

                                                      /s/ L. Patrick Auld
                                                      **L. Patrick Auld**
                                      **United States Magistrate Judge**